PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Thomas Leonard Massey</u>     Case Number: <u>3:05-00198</u>

Name of Judicial Officer: <u>Honorable Robert L. Echols, U.S. District Judge</u>

Date of Original Sentence: <u>September 15, 2006</u>

Original Offense(s): <u>18 U.S.C. § 922(g)(1) and 924(a) Convicted Felon in Possession of a Firearm and 26 U.S.C. § 5861(d) and 5871 Possession of an Unregistered Firearm</u>

Original Sentence: <u>70 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>     Date Supervision Commenced: <u>December 30, 2013</u>

Assistant U.S. Attorney: <u>To be determined</u>     Defense Attorney: <u>R. David Baker</u>

---

### PETITIONING THE COURT

    **X**     To issue a Summons.
    ____     To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
      ☐ Sealed Pending Warrant Execution
         (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this ___ day of _____, 2014, and made a part of the records in the above case.

_____
U.S. District Judge  HAYNES

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Amanda M. Russell
U.S. Probation Officer

Place     Nashville, TN

Date     February 25, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition of supervision:

Violation No.    Nature of Noncompliance

**1.**    **The defendant shall refrain from excessive use of alcohol and shall not possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

Since beginning supervision, Mr. Massey has tested positive for illegal substances on six different occasions, each confirmed positive by the testing laboratory. Additionally, Mr. Massey reported to the probation office on January 7, 2014, under the influence of alcohol. A Breathalyzer was utilized and Mr. Massey's blood alcohol content was measured to be .107.

| Date | Substance |
|---|---|
| January 3, 2014 | cocaine |
| January 7, 2014 | cocaine |
| February 5, 2014 | cocaine |
| February 6, 2014 | cocaine |
| February 13, 2014 | cocaine and marijuana |
| February 20, 2014 | cocaine |
| February 24, 2014 | cocaine (awaiting laboratory confirmation) |

When questioned by the probation officer, in the probation office, on January 7, 2014, Mr. Massey admitted to "snorting" a line of cocaine on January 2, 2014, with a friend at his apartment. He also admitted to "snorting" a line of cocaine on January 6, 2014, with a friend in the parking lot of a local bar, after drinking upwards of ten beers. The probation officer observed the smell of alcohol on his breath and a Breathalyzer indicated his blood alcohol content was over the legal limit, .107. Mr. Massey denied drinking alcohol, prior to reporting to the probation office. He was adamant that he consumed ten or more beers the night before and the smell of it was just on his clothes and breath.

On February 4, 2014, Mr. Massey failed to report for a random drug test. The probation officer attempted to contact him by telephone, but was unable to reach him. On February 5, 2014, Mr. Massey reported to the probation office for a drug test, without instruction to do so, and tested positive for cocaine. When questioned by the probation officer on February 6, 2014, Mr. Massey reported that he got "tied up" at work on February 4, 2014, and could not report for a drug test as instructed. He admitted to "snorting" another line of cocaine on both February 4 and February 6, 2014.

When questioned by the probation officer on February 20, 2014, regarding his most recent drug use, Mr. Massey admitted to "snorting" one line of cocaine and smoking one marijuana "joint" on February 11, 2014. He further admitted to "snorting" two lines of cocaine on February 18, 2014. Mr. Massey reported that he needed help and would be willing to participate in inpatient substance abuse treatment.

On February 24, 2014, Mr. Massey submitted a urine sample which appeared to be positive for cocaine. He admitted to "snorting" cocaine on February 21, 2014. The urine sample was mailed to the testing laboratory for confirmation.

**2.**     **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

Each time Mr. Massey has tested positive for using illegal substances, he has admitted to using the drugs with "friends." The probation officer has repeatedly instructed him to stay away from these criminal associations, but Mr. Massey continues to associate and use the illegal substances with the same "friends."

**3.**     **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the probation officer.**

Mr. Massey failed to attend outpatient substance abuse treatment at Centerstone Mental Health on February 13 and February 20, 2014.

When questioned by the probation officer on February 20, 2014, Mr. Massey could provide no explanation as to why he was not attending treatment as recommended by his therapist at Centerstone. He did report that he needed help. The probation officer informed Mr. Massey that outpatient substance abuse treatment could only help him if he participated, but she would be referring him for inpatient substance abuse treatment.

**Compliance with Supervision Conditions and Prior Interventions:**
Thomas Leonard Massey is employed, full-time, by Fly and Form, and lives in Nashville, Tennessee. He began his three-year term of supervised release on December 30, 2013, and is due to terminate supervision on December 29, 2016.

Prior to Mr. Massey's release from Bureau of Prison's custody, he tested positive for marijuana while a resident at the federal halfway house. Immediately following Mr. Massey's release from incarceration, he was referred to Centerstone Mental Health for a substance abuse assessment. He participated in an assessment on January 22, 2014, and weekly outpatient treatment was recommended. The probation officer has given Mr. Massey multiple verbal reprimands regarding his illegal drug use and afforded him the opportunity to participate in outpatient substance abuse treatment, but he continues to use cocaine and marijuana, without regard to the consequences of his actions.

Although Mr. Massey is not fully participating in outpatient substance abuse treatment, he has requested to enter, and successfully complete, a 30-day inpatient substance abuse treatment program. He has an admission date to the New Leaf Recovery Center in Cookeville, Tennessee, on March 8, 2014.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Mr. Thomas Leonard Massey, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. THOMAS LEONARD MASSEY, CASE NO. 3:05-00198

**GRADE OF VIOLATION:**     C  
**CRIMINAL HISTORY:**     VI

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony)<br>*18 U.S.C. § 3583(e)(3)* | 8-14 months<br>*U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment<br>*18 U.S.C. § 3583(h)* | 1-3 years<br>*U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(g)(4) If the defendant, as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

*[signature]*

Amanda M. Russell  
U.S. Probation Officer

Approved: *[signature]*

Britton Shelton  
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Thomas Leonard Massey

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:05CR00198 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 9 / 15 / 2006
                           month day year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall refrain from excessive use of alcohol and shall not possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. | C |
| Shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer. | C |
| Shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    VI

10. **Range of Imprisonment** *(see §7B1.4(a))*    8 - 14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Thomas Leonard Massey

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____     Community Confinement _____

   Fine($)        _____     Home Detention         _____

   Other    $50 special assessment     Intermittent Confinement _____

13. **Supervised Release**
   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**
   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days